UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS GARCIA SANTIAGO and LUCIA SANTIAGO PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No. 1:26-cv-06289-HBK<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND[1]<br><br>(Doc. 5) |

Plaintiffs move to remand this action to Kern County Superior Court. (Doc. 5). Defendant opposes the motion, and Plaintiffs have filed a reply. (Docs. 8, 9). For the reasons below, the Court denies Plaintiffs' motion.

I. BACKGROUND

Plaintiffs Nicolas Garcia Santiago and Lucia Santiago Perez filed this action in Kern County Superior Court on July 7, 2026, asserting claims against General Motors LLC and Does 1-10 under California's Song-Beverly Consumer Warranty Act. (Doc. 1-2 at 3). Plaintiffs allege that they purchased a 2024 Chevrolet Colorado for $89,299.20 and that the vehicle was delivered with serious defects. (*Id.* at 5). They assert claims for breach of express warranty, breach of the

[1] The parties were deemed to have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1). (Doc. 6).

implied warranty of merchantability, and violation of California Civil Code section 1793.2(b). (*Id.* at 6–10).

Plaintiffs allege that Defendant willfully failed to comply with its statutory obligations. (*Id.* at 7). Their prayer for relief seeks actual damages, restitution, diminution in value, incidental and consequential damages, a "civil penalty in the amount of two times Plaintiffs' actual damages," prejudgment interest, and attorney's fees and costs. (*Id.* at 11).

Defendant removed the action on August 7, 2026, asserting diversity jurisdiction. (Doc. 1). The notice of removal identifies Plaintiffs as California citizens and Defendant as a citizen of Michigan and Delaware. (*Id.* at 3–4). To establish the amount in controversy, Defendant estimates actual damages of $72,299.20, calculated by subtracting $17,000 in deductions and offsets from the vehicle's $89,299.20 purchase price. (*Id.* at 5). Defendant contends that these damages, together with the requested civil penalty, exceed $75,000. (*Id.*). Defendant also relies on attorney's fees, estimating that Plaintiffs had incurred $5,000 in fees to date and would incur additional fees as the litigation progressed. (*Id.* at 5–6).

Plaintiffs moved to remand on September 4, 2026. (Doc. 5). They do not dispute Defendant's actual-damages calculation but argue that Defendant has not established a sufficient basis to include civil penalties or attorney's fees in the amount in controversy. (*Id.* at 3–10). As to civil penalties, Plaintiffs contend that their request for such relief does not, without supporting allegations or evidence, establish that a penalty is at stake. (*Id.*at 3-4). They likewise argue that Defendant's fee estimate lacks evidentiary support. (*Id.* at 7–8).

Defendant responds that the amount in controversy measures the relief "at stake," not the amount Plaintiffs are likely to recover. (Doc. 8 at 7–11). Because Plaintiffs allege willful violations and expressly seek a civil penalty equal to twice their actual damages, Defendant contends that the requested penalty is properly included in the jurisdictional calculation. (*Id.*). Defendant also argues that recoverable attorney's fees, including reasonable estimated future fees, are properly counted toward the amount in controversy. (*Id.* at 13–14).

In reply, Plaintiffs maintain that Defendant must offer evidence supporting the availability of civil penalties. (Doc. 9 at 3-6). They also invoke California Code of Civil Procedure

§§ 871.24(e) & (h), arguing that the statutory notice and restitution-or-replacement provisions may preclude a civil penalty in this case. (*Id.* at 3-4). Although Plaintiffs acknowledge that future attorney's fees may be considered, they contend that Defendant has not adequately supported its estimate. (*Id.* at 7).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a state-court action over which a federal district court has original jurisdiction. 28 U.S.C. § 1441(a). Subject-matter jurisdiction may rest on diversity or federal question. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The amount in controversy "encompasses all relief a court may grant . . . if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). It measures "the maximum recovery the plaintiff could reasonably recover," not the plaintiff's probable recovery. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). In making that assessment, courts consider the complaint, the notice of removal, and summary-judgment-type evidence relevant to the jurisdictional amount. *Chavez*, 888 F.3d at 416.

A notice of removal need not initially include evidentiary submissions. *Arias*, 936 F.3d at 925. When the plaintiff or the court contest the amount in controversy, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)).

A removing defendant may rely on reasonable assumptions grounded in the complaint's allegations. *Id.* The defendant need not prove liability or establish its assumptions with certainty. *Id.* at 927; *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (removing defendant is not required to establish certainty over its assumptions because "the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees

with—to estimate an amount in controversy"). Rather, the defendant must identify a reasonable basis for its calculation. *Arias*, 936 F.3d at 925, 927.

III. DISCUSSION

Plaintiffs do not challenge complete diversity. The notice of removal adequately establishes the parties' diverse citizenship. (Doc. 1 at 3–4). The sole dispute is whether the amount in controversy exceeds $75,000.

A. Actual Damages

Defendant estimates actual damages of $72,299.20 after deductions and offsets. (Doc. 1 at 5). Plaintiffs do not challenge that calculation; instead, they rely on it to argue that actual damages alone fall below the jurisdictional threshold. (Doc. 5 at 3–4). The Court therefore uses $72,299.20 as the actual-damages figure for purposes of this motion.

B. Civil Damages

California Civil Code § 1794(c) permits a civil penalty of up to twice the amount of actual damages when a buyer establishes a willful failure to comply with the Song-Beverly Act. Plaintiffs allege willful violations and expressly seek a penalty equal to twice their actual damages. (Doc. 1-2,at 7, 9–11). The question before the Court is whether Defendant may rely on those allegations and that request for relief in calculating the amount in controversy.

District courts have taken different approaches to this issue. *Compare Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding where the defendant "made no serious attempt to justify the inclusion of a civil penalty in the calculation of the jurisdictional amount"), *with Tate v. Gen. Motors LLC*, No. 2:25-cv-07663-DSF-MAA, 2025 WL 3072627, at *4 (C.D. Cal. Nov. 3, 2025) (including a civil penalty based on the complaint's express request twice the amount of actual damages).

Two recent unpublished Ninth Circuit dispositions provide persuasive guidance. In *Navaperez v. Nissan N. Am., Inc.*, No. 25-3016, 2026 WL 1999586 (9th Cir. July 10, 2026), and *Amezcua v. Nissan N. Am., Inc.*, No. 25-3250, 2026 WL 1999591 (9th Cir. July 10, 2026), the panel addressed remand orders that treated a complaint's prayer for civil penalties under the Song-Beverly Act as "speculative" and inapplicable, without more, to calculating the amount in

controversy. The panel concluded that defendants established the jurisdictional amount by a preponderance of the evidence because the plaintiffs' request for civil penalties of up to two twice their actual damages placed those amounts "at stake in the underlying litigation." *Navaperez*, 2026 WL 1999586 at *1 (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793–94 (9th Cir. 2018)); *Amezcua*, 2026 WL 1999591 at *1.[2]

The same reasoning applies here. Plaintiffs allege that Defendant willfully failed to satisfy its obligations under the Song-Beverly Act and expressly request the maximum civil penalty. (Doc. 1-2 at 11). If Plaintiffs prove those allegations, a civil penalty would be available under § 1794(c). Defendant's inclusion of that relief therefore rests on an assumption reasonably grounded in the complaint. *See Arias*, 936 F.3d at 927.

Plaintiffs' reliance on California Code of Civil Procedure §§ 871.24(e) and (h) does not compel a different result. Their argument concerns whether they ultimately may recover a penalty. The jurisdictional inquiry instead concerns the relief placed at stake by their claims. Defendant need not prove its own willfulness or negate the potential statutory bars Plaintiffs identify to establish the amount in controversy. *See Jauregui*, 28 F.4th at 993.

The specific relief requested here further supports Defendant's calculation. In *Pennon*, the court distinguished a request for a penalty of "no more than" twice actual damages from a request for the full statutory amount. 2022 WL 2208578, at *2–3. In doing so, the court discussed *Park v. Jaguar Land Rover North America, LLC*, No. 20-cv-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020), which applied the maximum penalty towards the jurisdictional amount because the plaintiff had expressly placed that amount in controversy.

Here, Plaintiffs' prayer seeks a "civil penalty in the amount of two times Plaintiffs' actual damages," not an unspecified lesser amount. (Doc. 1-2 at 11). Defendant thus reasonably includes a penalty of $144,598.40, twice the $72,299.20 actual-damages estimate. Together, the

---

[2] The district courts in *Navaperez* and *Amezcua* remanded on their own motions. *See Navaperez v. Nissan N. Am., Inc.*, No. 8:25-cv-00720-DOC-DFM, 2025 WL 1092995, at *1 (C.D. Cal. Apr. 11, 2025); *Amezcua v. Nissan N. Am., Inc.*, No. 5:25-cv-00860-DOC-DTB, 2025 WL 1156022, at *1 (C.D. Cal. Apr. 21, 2025). That distinction does not affect the applicable burden: a defendant must establish the jurisdictional amount when either the plaintiff or the court questions it. *Arias*, 936 F.3d at 925.

estimated actual damages and requested penalty place $216,897.60 in controversy.

Defendant has therefore established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Because actual damages and civil penalties alone satisfy the jurisdictional requirement, the Court does not reach the parties' arguments concerning attorney fees.

Accordingly, IT IS ORDERED:

1. Plaintiffs' motion to remand (Doc. 5) is DENIED.
2. The mandatory Initial Scheduling Conference scheduled for November 19, 2026 at 10:00 A.M. (Doc. 2) is reset to December 3, 2026 at 1:00 P.M. The parties' joint scheduling report shall be filed no later than November 19, 2026.
3. The Clerk of Court shall correct the docket to reflect Plaintiff's surname as "Garcia Santiago," rather than "Gacia Santiago."

Dated: October 22, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE